The Honorable Carl A. Crow, Jr. Prosecuting Attorney P.O. Box 1620 Hot Springs National Park, AR 71902-1620
Dear Mr. Crow:
This is in response to your request for an opinion on the following questions:
 1. Does the prohibition against advancing personal economic interest of officers and employees of county government or that of their immediate family members in A.C.A. 14-14-1202(a) prohibit an immediate family member from purchasing surplus property from a county at private sale?
 2. Does the prohibition in A.C.A. 14-14-1202(c)(1) against a county officer or employee being interested directly or indirectly in any contract on behalf of the county prohibit an immediate family member from purchasing surplus property under the circumstances described above?
 3. Are there any other provisions of law which would prohibit the conduct described above?
In response to your first question, there appear to be no specific provisions prohibiting an immediate family member's purchase of surplus property from a county at private sale. Section14-14-1202(a) states in pertinent part that ". . . the officer may not use his office . . . to advance his individual personal economic interest or that of an immediate member of his family or an associate other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally." Therefore if the immediate family member secured the property at private sale without using information or influence from the officer, it may be concluded that there would be no violation of Section 14-14-1202.
In response to your second question, A.C.A. (c)(1) would not on its fact appear to prohibit the purchase of surplus property by an immediate family member. The statute only speaks of the officer or employee and does not mention family members. Therefore, so long as the officer or employee is not ". . . interested, either directly or indirectly in any contract or transaction made . . . on behalf of the county," then the statute would not be violated. This, of course, is a factual question the resolution of which will depend upon the circumstances of each particular case.
You have asked, finally, whether there are any other provisions that would prohibit the above conduct. It should be noted that there are specific statutes dealing with the sale of county property generally and the sale of surplus personalty. Arkansas Code 14-16-105(d)(1) states that county property may be sold and conveyed by the county judge, either at public or private sale if it is less than $500. There are no limitations in this statute as to who may purchase the property. If the property exceeds the appraised value of $500, A.C.A. 14-16-105 (e)(1)(A) states that the county judge may sell the property to the highest and best bidder upon sealed bids received by the judge.
The appropriateness of a "private sale" must therefore be considered in light of the foregoing provisions. Arkansas Code Annotated 14-14-1202(c)(2) must be considered wherein it states that no county officer or employee shall be ". . . a purchaser at any sale nor a vendor of any purchase made by him in his official capacity." It thus seems clear that a county judge may not be a purchaser at such sales. A factual question may thus arise with respect to the identity of the actual purchaser.
In dealing with the sale of surplus personalty, A.C.A.14-16-106(a) states that if it is determined by the county judge to be surplus, any personal property owned by a county may be sold at public auction to the highest bidder. Here, too, there are no limitations as to who may purchase the property. However, it must be concluded that the sale of surplus personalty must be conducted by public auction.
While it is apparent that a conclusive resolution of these questions will require a review of the particular facts and circumstances of each case, we hope that the foregoing will offer general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.